CHARLES S. WELD *vs.* CITY OF BANGOR.

*Bank stock—collection of taxes on.*

The plaintiff, a non-resident of Bangor, was duly assessed therein, upon his shares of stock in the First National Bank. After legal demand, the plaintiff refusing to pay the tax upon the warrant of the collector of the city, issued April, 1870, was duly arrested by the sheriff of the county in the following May, for the tax, which the plaintiff then paid under protest, together with costs to the officer and he to the city treasurer. In assumpsit to recover the money thus paid, *Held,* (1) That the collection of such tax is to be enforced in accordance with the general law; and (2) that c. 209 of the Pub. Laws of 1868 related exclusively to the assessment, and in nowise affected the collection of taxes duly assessed under previously existing laws.

ON REPORT.

ASSUMPSIT for money had and received. Writ dated May 31, 1870.

The plaintiff, during no part of the last twenty years, has been a resident of Bangor or had any property taxed there, except in 1867, when, without his consent, he was in due and legal form, assessed there upon his shares of stock in the First National Bank, a banking institution established under the laws of the United States, located in Bangor.

After legal demand upon him, the plaintiff, refusing to pay the tax upon the warrant of the collector of the city issued in April, 1870, was duly arrested by the sheriff of Penobscot county on May 26, 1870, for the tax, when he paid it, under protest, together with costs of arrest to the sheriff who paid it to the city treasurer. The action is to recover the money thus paid, and if not maintainable, the plaintiff to be nonsuit.

*J. A. Peters & F. A. Wilson,* for the plaintiff.

Chapter 126, Pub. Laws of 1867, made the tax assessable. *Packard* v. *Lewiston,* 55 Maine, 456.

Chapter 209, Pub. Laws of 1868, repealed c. 126 and " all acts and parts of acts inconsistent therewith."

If the plaintiff had paid before the repeal he could not recover back. *Abbott* v. *Bangor*, 56 Maine, 310.

When the tax was enforced there was no law to proceed on, and it was as if no law had been passed on the subject.

Such is the spirit of the decisions. *Plantation No. 9* v. *Bean*, 36 Maine, 359; s. c. 36 Maine, 365; *Williams* v. *Co. Commissioners*, 35 Maine, 345; *Coffin* v. *Rich*, 45 Maine, 507.

No vested right in Bangor, none in contract, for there was no contract; none in property, for there was no property; merely a legislative power granted to get property, and the power lost before the property was obtained. A statute obligation dissolved by statute.

The repeal had same effect as if it occurred before the assessment. *E. Hartford* v. *Hartford Bridge Co.* 10 How. 511.

*H. C. Goodenow*, city solicitor, for the defendants.

APPLETON, C. J. The tax in question was duly and legally assessed under the provisions of the act of 1867, c. 126. *Packard* v. *Lewiston*, 55 Maine, 456; *Abbott* v. *Bangor*, 56 Maine, 310.

The collection of this tax, like that of all other taxes duly assessed, is to be enforced in accordance with the general laws of the State on that subject.

The act of March 6, 1868, c. 209, relates exclusively to the assessment of taxes. The rules prescribed vary from those of the act of 1867, c. 126. The act is prospective in its operation. It looks only to the future. "All acts and parts of acts inconsistent with this act are hereby repealed." That is, a new rule as to the future assessment of taxes is established, nothing more.

The act in no way affects the collection of taxes, which have been duly assessed under previously existing law. It does not prohibit the enforcement of a tax as in *Augusta* v. *North*, 57 Maine, 392. It in no way alludes to the collection of taxes.

Had the tax been paid as in *Abbott* v. *Bangor*, 56 Maine, 310, its repayment could not have been enforced. The tax being duly

assessed, and constituting a portion of what the plaintiff was equitably bound to pay toward the public burdens, it can hardly be supposed that the legislature intended to relieve him from a just liability. By a long neglect to pay his taxes, the plaintiff is not to be in a better condition than if he had promptly done his duty.

*Plaintiff nonsuit.*

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.

DICKERSON, J., did not concur.